|   |   |
|---|---|
| PATTI M. PAGE, | **1:21-cv-00154 NONE-GSA (PC)** |
| Plaintiff, | **ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL (Document# 12)** |
| v. | |
| KISSENG HSIEH, M.D., et al, | **ORDER RESPONDING TO PLAINTIFF'S INQUIRIES** |
| Defendants. | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

On April 27, 2021, plaintiff filed a motion seeking the appointment of counsel. Plaintiff also inquired about the status of this case and the service of defendants.

**I.  APPOINTMENT OF COUNSEL**

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section § 1915(e)(1). Rand, 113 F.3d at 1525.

1

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.

In the present case, the court does not find the required exceptional circumstances. At this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits. Plaintiff's Complaint awaits the Court's screening required under 28 U.S.C. 1915. Thus, to date the Court has not found any cognizable claims in Plaintiff's Complaint for which to initiate service of process, and no other parties have yet appeared. Moreover, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Therefore, plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

**II.     SERVICE ON DEFENDANTS**

The court is required by law to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, such as the instant action brought pursuant to 42 U.S.C. § 1983. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. ' 1915A(b)(1),(2).

With respect to service, the court will, *sua sponte*, initiate service of the Complaint only after the court has screened the Complaint and determined that it contains cognizable claims for relief against the named defendants. Here, Plaintiff's Complaint awaits the court's screening, and therefore it is not time for service in this case.

**III.     CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.      Plaintiff's motion for appointment of counsel, filed on April 27, 2021, is denied, without prejudice; and

2. This order resolves Plaintiff's inquiries about the status of this case and service on defendants.

IT IS SO ORDERED.

Dated: **April 29, 2021**          **/s/ Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE